**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| BRENDA GRAY,<br>Plaintiff,<br><br>v.<br><br>DVA RENAL HEALTHCARE, INC., a subsidiary of DAVITA, INC.,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-3247-SHL-tmp |

**ORDER DENYING STIPULATED EXTENSION AND REQUIRING DEFENDANT TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S COMPLAINT BY NOVEMBER 20, 2026**

On November 2, 2026, the Court entered an Order Granting Defendant DVA Renal Healthcare Inc.'s ("DaVita") Motion for Enlargement of Time to Respond to Complaint, extending the time for DaVita to answer Plaintiff Brenda Gray's complaint from November 3 to November 17, 2026. (ECF No. 10.)

The Court explained in that Order that, under the Federal Rules, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A).

Although the Court granted DaVita's Motion, it noted that it was impossible to determine whether good cause existed for the extension, as DaVita offered no description of any such good cause. (ECF No. 10 at PageID 30.) The Court speculated as to what good cause might exist that would warrant the extension, but explained that "Defendant should not leave the determination of the existence of good cause up to the speculation of the Court," and warned counsel that, "in

the future, if awarding relief requires a demonstration of good cause, failing to demonstrate good cause will lead to the denial of the Motion." (Id. at PageID 30–31.)

Then, on the day of DaVita's newly set deadline to answer or otherwise respond to Gray's complaint, DaVita submitted a single sentence Joint Stipulation Extending Defendants' Deadline to Respond to Complaint. (ECF No. 11.) Perhaps DaVita thought that this new approach to seeking an extension was one way to get out of having to demonstrate good cause. If so, it was mistaken. A party can move, as DaVita once did, to extend a deadline under the Federal Rules. It cannot, however, enter into a stipulation that usurps the Court's authority to manage its own docket. To the extent that DaVita seeks to extend deadlines in the future, it must file a motion with the Court.

As to the Joint Stipulation Extending Defendants' Deadline to Respond to Complaint, it is **DENIED**. DaVita shall have until November 20, 2026, in which to answer or otherwise respond to Gray's complaint.

**IT IS SO ORDERED,** this 17th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE